1   Daniel P. Struck, Bar No.012377
2   Nicholas D. Acedo, Bar No. 021644
    Ashlee B. Hesman, Bar No. 028874
3   STRUCK LOVE BOJANOWSKI & ACEDO, PLC
    3100 West Ray Road, Suite 300
4   Chandler, Arizona  85226
    Telephone:  (480) 420-1600
5   dstruck@strucklove.com
    nacedo@strucklove.com
6   ahesman@strucklove.com

7   *Attorneys for Defendant Sean Mendoza*

8               **UNITED STATES DISTRICT COURT**

9                   **DISTRICT OF ARIZONA**

10  The Estate of Melonee Duval, et al.,        No. CV-20-01206-PHX-JJT (MHB)

11                              Plaintiffs,      **DEFENDANT MENDOZA'S**
                                                 **MOTION TO DISMISS**
12          v.                                   **PLAINTIFFS' SECOND**
                                                 **AMENDED COMPLAINT**
13  United States of America, et al.,

14                              Defendants.

15

16          Pursuant to Rules of Civil Procedure 12(b)(5) and (6), Defendant Sean Mendoza

17  moves to dismiss: (1) all claims to the extent they are based on Mendoza's status as a federal

18  actor because Plaintiffs have not complied with the service requirements in Rule 4(i)(3);

19  and (2) Count One because negligent use of force is not a cognizable claim in Arizona. This

20  Motion is supported by the following Memorandum of Points and Authorities.

21               **MEMORANDUM OF POINTS AND AUTHORITIES**

22  **I.      Plaintiffs' Allegations.**

23          On June 19, 2019, a law enforcement task force, consisting of officers from the

24  Maricopa County Sheriff's Office ("MCSO"), the United States Marshals Service, and the

25  Federal Bureau of Investigation, was surveilling Ernesto Izaguirre, who had a warrant for

26  his arrest.  (Dkt. 53, ¶¶ 35, 44, 48.)  When the pick-up truck he was riding in stopped at an

27  intersection, the task force surrounded the pick-up truck and began "ramming" it.  (*Id*.,

28

¶¶ 28, 46, 62–65, 86–87.)  Plaintiffs allege that, "[w]ithin seconds," task force members, including Sean Mendoza, "fired lethal rounds" into the pick-up truck without provocation. (*Id*., ¶¶ 90–103, 105, 107, 109.)  Several rounds struck the driver of the pick-up truck, Melonee Duval, ultimately killing her.  (*Id*., ¶¶ 2, 119, 123.)

Plaintiffs are Duval's estate, mother, and three children.  (*Id*., ¶¶ 5–9.)  They allege that, at the time of the incident, Mendoza was a "sworn law enforcement deputy with the MCSO" and "acting within the course and scope of his [MCSO] employment" and therefore a "state actor" *and also* "acting on behalf of, and as an agent of, the United States Government, as a deputized agent of the United States Marshals Service and/or the Federal Bureau of Investigation." (*Id*., ¶¶ 14–15.)[1]  Maricopa County and MCSO Sheriff Penzone (in his official capacity) are also sued.  (*Id*., ¶¶ 10–11.)

Count One is a state law wrongful-death claim.  *See* A.R.S. § 12-611 *et seq*. Plaintiffs allege that "Defendants" acted negligently "by using unnecessary and unreasonable use of their vehicles and discharge of their firearms." (*Id*., ¶ 154.)  Count Two is a Fourth Amendment excessive-force claim.  It is brought pursuant to both § 1983 and *Bivens*, depending on Mendoza's status as a state or federal actor:

> To the extent Sean Mendoza was acting under color of state law for and on behalf of Defendants Penzone and Maricopa County, this count is authorized and made pursuant to 42 U.S.C. §1983. To the extent Sean Mendoza is certified or considered to be a federal officer deputized by the Federal Bureau of Investigations or US Marshall's service, this count is authorized by *Bivens v. Six Unkown* [sic] *Agents of the Federal Bureau of Narcotic*s, 403 U.S. 388 (1971) and is known as a *Bivens* action.

(*Id*., ¶ 177.)  Count Three is a Fourteenth Amendment familial-association claim, which makes the same alternative allegation (§ 1983 and *Bivens*).  (*Id*., ¶ 194.)  Count Four is brought only against Maricopa County and Sheriff Penzone.  (*Id*., ¶¶ 198–217.)

---

[1] Plaintiffs' counsel has informed counsel for Defendant Mendoza that Plaintiffs are not pursuing an official-capacity claim against him. (*See* Dkt. 53, ¶ 14.)

1

**II.    Legal Argument.**

2

    **A.    The Court Should Dismiss All Claims to the Extent They Are Based on Allegations That Mendoza Was a Federal Officer Because Plaintiffs Have Not Effectuated Proper Service.**

3

4

Counts One, Two, and Three are based in part on Plaintiffs' allegation that Mendoza

5

was acting as a federal officer at the time of the incident.  (Dkt. 17, ¶¶ 15, 177, 194.)  Rule

6

4(i)(3) provides: "To serve a United States officer or employee sued in an individual

7

capacity for an act or omission occurring in connection with duties performed on the United

8

States' behalf … a party must serve the United States and also serve the officer or

9

employee." Fed. R. Civ. P. 4(i)(3).  "To serve the United States, a party must:

10

    (A)(i) deliver <u>a copy of the summons and of the complaint</u> to <u>the United States attorney for the district</u> where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

11

12

13

        (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

14

15

    (B) send <u>a copy of each</u> by registered or certified mail to <u>the Attorney General of the United States</u> at Washington, D.C.; and

16

17

    (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

18

Fed. R. Civ. P. 4(i)(1) (emphasis added).

19

Although Plaintiffs served Mendoza individually (Dkt. 8), there is no indication that

20

they have properly served the United States—i.e., the Arizona United States Attorney *and*

21

the Attorney General of the United States—by delivering to them a copy of *the summons*

22

*against Mendoza* (Dkt. 4-1).  They delivered only a copy of the summons against the United

23

States.[2]  (Dkt. 56, 56-1, 56-2; *see also* Dkt. 54, 54-1.)  Thus, they have still failed to

24

effectuate service of process.  *See Craddock v. Hennessee*, No. 1:09-CV-14, 2010 WL

25

3851555, at *1–2 (E.D. Tenn. Sept. 27, 2010) (plaintiff suing city police officer who was

26

acting as a federal task force officer was required to comply with Rule 4(i)(3)).

27

28

---

[2] Plaintiffs purportedly delivered a copy of the Second Amended Complaint. (Dkt. 56, 56-1, 56-2.)

1    **B.    The Court Should Dismiss Count One.**

2    A complaint must contain a "short and plain statement of the claim showing that the

3    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This "demands more than an

4    unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

5    662, 678 (2009) (citation omitted).  "A pleading that offers labels and conclusions or a

6    formulaic recitation of the elements of a cause of action will not do. Nor does a complaint

7    suffice if it tenders naked assertions devoid of 'further factual enhancement." *Id*. at 678

8    (internal quotation marks and citation omitted).  "Threadbare recitals of the elements of a

9    cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 662.

10    A complaint must allege sufficient factual matter that is "plausible on its face." *Id*.

11    at 678.  Plausibility requires more than a "sheer possibility that a defendant has acted

12    unlawfully." *Id*. Where a complaint pleads facts that are "merely consistent with" a

13    defendant's liability, it "stops short of the line between possibility and plausibility of

14    'entitlement to relief.'" *Id*.  Although in ruling on a Rule 12(b) motion to dismiss, the Court

15    must accept factual allegations in the complaint as true, it is not "required to accept as true

16    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

17    inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A

18    complaint must plead "factual content that allows the court to draw the reasonable inference

19    that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

20    Count One is grounded in Plaintiffs' allegation that Mendoza was negligent in

21    ramming his police vehicle into Duval's pick-up truck and shooting her.  (Dkt. 29, ¶ 154.)

22    In Arizona, however, a plaintiff "cannot base a negligence claim on an intentional use of

23    force nor on a law enforcement officer's negligent 'evaluation' of whether to intentionally

24    use force." *Liberti v. City of Scottsdale*, 816 F. App'x 89, 91 (9th Cir. 2020) (quoting *Ryan*

25    *v. Napier*, 425 P.3d 230, 236 (Ariz. 2018)); *see also Leibel v. City of Buckeye*, 364 F. Supp.

26    3d 1027, 1045 (D. Ariz. 2019) ("[T]he Arizona Supreme Court held in *Ryan v. Napier* …

27    that the 'negligent use of intentionally inflicted force' is not 'a cognizable claim.'").

28    Although negligence may be premised on conduct "that is independent of the intentional

4

use of physical force," e.g., when a K-9 officer "unintentionally" drops the canine's leash, *see Napier*, 425 P.3d at 238, ¶ 31, Plaintiffs do not allege any unintentional conduct.  Rather, they affirmatively allege that Mendoza's conduct was intentional.  (Dkt. 29, ¶¶ 66, 70, 73, 83–84, 107, 117–118.)  Therefore, Plaintiffs' wrongful-death claim must be dismissed.[3]

**III.    Conclusion.**

      For these reasons, the Court should dismiss all claims to the extent they are based on Mendoza's status as a federal actor (for failure to effectuate service) and Count One (for failure to state a claim).

      DATED this 24th day of February, 2021.

                   STRUCK LOVE BOJANOWSKI & ACEDO, PLC

                   By    /s/ Nicholas D. Acedo
                        Daniel P. Struck
                        Nicholas D. Acedo
                        Ashlee B. Hesman
                        3100 West Ray Road, Suite 300
                        Chandler, Arizona 85226

                        *Attorneys for Defendant Sean Mendoza*

**CERTIFICATE OF CONFERRAL**

      Pursuant to LRCiv 12.1(c), undersigned counsel certifies that, before filing this Motion, counsel notified Plaintiffs' counsel of the issues asserted in Section II.B (failure to state a claim) but the parties were unable to agree that the Second Amended Complaint was curable in any part by a permissible amendment.

                   /s/ Nicholas D. Acedo

---

[3] Mendoza notes that, if it is conclusively demonstrated that he was a federal actor and not a state actor, he is immune from state tort law liability under the Federal Tort Claims Act. *See M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1083–84 (9th Cir. 2013).

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on February 24, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4

5

6

J. Tyrrell Taber          ttaber@burgsimpson.com
Scott A. Ambrose          sambrose@burgsimpson.com
Shiloh K. Hoggard         shiloh@hoggard-law.com
Ann T. Uglietta           uglietta@mcao.maricopa.gov
Jonathan C. Simon         simonj@mcao.maricopa.gov

7

8

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

9

N/A

10

/s/ Nicholas D. Acedo

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28