PHILLIP A. TALBERT
Acting United States Attorney
Eastern District of California
KELLI L. TAYLOR
Special Attorney
Acting Under Authority Conferred by 28 U.S.C. § 515
California Bar No. 186100
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2741
Facsimile:  (916) 554-2900
Email:  Kelli.L.Taylor@usdoj.gov

Attorneys for Defendant United States

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Estate of Melonee Duval, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>United States of America, *et al.*,<br><br>Defendants. | CASE NO.  2:20-CV-01206 JJT (MHB)<br><br>UNITED STATES' AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT |

The United States, without waiving the below-listed Affirmative Defenses, Answers Plaintiffs' Third Amended Complaint as follows:

## NATURE OF ACTION

1. Paragraph 1 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.

2. Paragraph 2 contains legal arguments, legal conclusions, and a characterization of this action, to which no response is required.  To the extent that an answer may be required, they are denied.

U.S. Amended Answer to Plaintiffs' Third Amended Complaint
*Estate of Duval, et al. v. United States, et al.* 2:20-cv-01206

1

**PARTIES**

3. Paragraph 3 contains factual allegations of which the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.  Paragraph 3 contains a photo to which no response is required.

4. Paragraph 4 contains factual allegations of which the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

5. Paragraph 5 contains factual allegations of which the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

6. Paragraph 6 contains legal arguments, legal conclusions, and a characterization of this action, to which no response is required.  To the extent that an answer may be required, they are denied.

7. Paragraph 7 contains legal arguments, legal conclusions, and a characterization of this action, to which no response is required.  To the extent that an answer may be required, they are denied.

8. Paragraph 8 contains legal arguments, legal conclusions, and a characterization of this action, to which no response is required.  To the extent that an answer may be required, they are denied.

9. Paragraph 9 contains legal arguments, legal conclusions, and a characterization of this action, to which no response is required.  To the extent that an answer may be required, they are denied.

10. Paragraph 10 contains legal arguments, legal conclusions, and a characterization of this action, to which no response is required.  To the extent that an answer may be required, they are denied.

11. Paragraph 11 contains legal arguments, legal conclusions, and a characterization of this action, to which no response is required.  To the extent that an

U.S. Amended Answer to Plaintiffs' Third Amended Complaint
*Estate of Duval, et al. v. United States, et al.* 2:20-cv-01206

2

answer may be required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied.

12.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis the allegations are denied.

13.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis the allegations are denied.

14.     The first three sentences and fifth sentence of Paragraph 14 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 14, and on that basis the allegations are denied.

15.     Paragraph 15 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.  A scope certification request was granted and filed with the court on June 30, 2021 (ECF 85).

16.     Paragraph 16 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.

17.     Paragraph 17 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, they are denied.

18.     In response to Paragraph 18, the United States admits that Wyatt Storm was a law enforcement agent with the Federal Bureau of Investigation on June 19, 2019. The remainder of paragraph 18 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an

U.S. Amended Answer to Plaintiffs' Third Amended Complaint
*Estate of Duval, et al. v. United States, et al.* 2:20-cv-01206

3

answer may be required, they are denied.

19.      Paragraph 19 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, they are denied.

20.      Paragraph 20 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.

## JURISDICTION AND VENUE

21.      Paragraph 21 contains jurisdictional allegations which require no response.  To the extent that an answer may be required to the jurisdictional allegations, they are denied.

22.      Paragraph 22 contains jurisdictional allegations which require no response.  To the extent that an answer may be required to the jurisdictional allegations, they are denied.

23.       Paragraph 23 contains jurisdictional allegations which require no response.  To the extent that an answer may be required to the jurisdictional allegations, they are denied.

24.      Paragraph 24 contains jurisdictional allegations which require no response.  To the extent that an answer may be required to the jurisdictional allegations, they are denied.

25.      Paragraph 25 contains jurisdictional allegations which require no response.  To the extent that an answer may be required to the jurisdictional allegations, they are denied.

26.      Paragraph 26 contains venue allegations which require no response.  To the extent that an answer may be required to the venue allegations, venue is proper in this Court if the Court has jurisdiction of this case.

27.      Paragraph 27 contains jurisdictional allegations which require no response.  To the extent that an answer may be required to the jurisdictional allegations, they are denied.

28.      Paragraph 28 contains jurisdictional allegations which require no response.  To the extent that an answer may be required to the jurisdictional allegations, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis the allegations are denied.

29.      Paragraph 29 contains characterizations of Plaintiffs' complaint in this action to which no response is required.  To the extent that an answer may be required, they are denied.

30.      Paragraph 30 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.  Plaintiffs are not entitled to a jury trial of the FTCA claim (Count One) against the United States.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

31.      The United States realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth in full herein.

32.      Paragraph 32 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.

33.      The United States admits that Paul Penzone is currently the elected Sheriff of Maricopa County.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33, and on that basis the allegations are denied.

34.      The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and on that basis the allegations are denied.

35.      The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences contained in paragraph 35, and on that basis the allegations are denied.  The third sentence of paragraph 35

U.S. Amended Answer to Plaintiffs' Third Amended Complaint
*Estate of Duval, et al. v. United States, et al.* 2:20-cv-01206

5

contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, they are denied.

36.     The United States denies the allegations in paragraph 36.

37.     Paragraph 37 contains 1) factual allegations of which Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis the allegations are denied, or 2) legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required to the legal arguments and legal conclusions, they are denied.  To the extent the request seeks information about other agencies' policies, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and they are denied on that basis.

38.     To the extent the allegations in paragraph 38 seek information about other agencies' policies, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and they are denied on that basis.

39.     The United States denies the allegations in paragraph 39.

40.     The United States denies the allegations in paragraph 40.

41.     The United States denies the allegations in paragraph 41.

42.     The United States denies the allegations in paragraph 42.

43.     The United States denies the allegations in paragraph 43.

44.     The United States denies the allegations in paragraph 44.

45.     The United States admits that in May, 2019, an arrest warrant was issued for Ernesto Izaguirre, a non-party hereto.

46.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis the allegations are denied.

47.     The United States admits that on June 19, 2019, Melonee Duval was driving a red Dodge pickup with heavily tinted windows in El Mirage, Arizona with two

passengers.  Except as expressly admitted, the United States denies the allegations in paragraph 47.

48. The United States denies the allegations in paragraph 48.

49. The United States admits it was conducting surveillance on Ernesto Izaguirre on June 19, 2019, and was aware that Melonee Duval was driving a red Dodge pickup with two passengers.  Except as expressly admitted, the United States denies the allegations in paragraph 49.

50. Paragraph 50 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, they are denied.

51. Paragraph 51 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.

52. Paragraph 52 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required.  To the extent that an answer may be required, they are denied.

53. The United States denies the allegations in paragraph 53.

54. The United States denies the allegations in paragraph 54.

55. The United States denies the allegations in paragraph 55.

56. The United States denies the allegations in paragraph 56.

57. The United States denies the allegations in paragraph 57.

58. The United States denies the allegations in paragraph 58.

59. The United States denies the allegations in paragraph 59.

60. The United States denies the allegations in paragraph 60.

61. The United States denies the allegations in paragraph 61.

62. The United States denies the allegations in paragraph 62.

63. The United States denies the allegations in paragraph 63.

64. The United States denies the allegations in paragraph 64.  Paragraph 64 also contains a photo to which no response is required.

65.      The United States admits that a boxing maneuver involves positioning vehicles in front of, in back of and on the sides of the subject vehicle.  The United States denies the allegations in the second sentence of paragraph 65.  Except as expressly admitted, the United States denies the allegations in paragraph 65.

66.      The United States admits that a boxing maneuver intends to surround the vehicle and prevent the occupants from fleeing.  Except as expressly admitted, the United States denies the allegations in paragraph 66.

67.      The United States denies the allegations in paragraph 67.

68.      The United States denies the allegations in paragraph 68.

69.      The United States denies the allegations in paragraph 69.

70.      The United States denies the allegations in paragraph 70.

71.      The United States denies the allegations in paragraph 71.

72.      The United States admits that a boxing maneuver intends to surround the vehicle and prevent the occupants from fleeing.  Except as expressly admitted, the United States denies the allegations in paragraph 72.

73.      The United States denies the allegations in paragraph 73.

74.      The United States denies the allegations in paragraph 74.

75.      The United States denies the allegations in paragraph 75.

76.      The United States denies the allegations in paragraph 76.

77.      The United States denies the allegations in paragraph 77.

78.      The United States denies the allegations in paragraph 78.

79.      The United States denies the allegations in paragraph 79.

80.      The United States denies the allegations in paragraph 80.

81.      The United States denies the allegations in paragraph 81.

82.      The United States denies the allegations in paragraph 82.

83.      The United States denies the allegations in paragraph 83.

84.      The United States denies the allegations in paragraph 84.

85.      The United States denies the allegations in paragraph 85.

1     86.        The United States denies the allegations in paragraph 86.

2     87.        The United States denies the allegations in paragraph 87.

3     88.        The United States denies the allegations in paragraph 88.

4     89.        The United States denies the allegations in paragraph 89.

5     90.        The United States denies the allegations in paragraph 90.

6     91.        The United States denies the allegations in paragraph 91.

92.        When the vehicle was searched, the United States discovered that Ernesto Izaguirre did not have a firearm.  Except as expressly admitted, the United States denies the allegations in paragraph 92.

93.        When the vehicle was searched, the United States discovered there was no firearm in the truck.  Except as expressly admitted, the United States denies the allegations in paragraph 93.

94.        When the vehicle was searched, the United States discovered there was no firearm in the truck.  Except as expressly admitted, the United States denies the allegations in paragraph 94.

95.        The United States denies the allegations in paragraph 95.

96.        The United States denies the allegations in paragraph 96.

97.        The United States denies the allegations in paragraph 97.

98.        The United States denies the allegations in paragraph 98.

99.        The United States denies the allegations in paragraph 99.

100.        The United States denies the allegations in paragraph 100.

101.        The United States denies the allegations in paragraph 101.

102.        The United States denies the allegations in paragraph 102.

103.        The United States denies the allegations in paragraph 103.

104.        The United States denies the allegations in paragraph 104.

105.        The United States denies the allegations in paragraph 105.

106.        The United States admits officers were armed.  Except as expressly admitted, the United States denies the allegations in paragraph 106.

1    107.    The United States denies the allegations in paragraph 107.

2    108.    The United States denies the allegations in paragraph 108.

3    109.    The United States denies the allegations in paragraph 109.

4    110.    The United States denies the allegations in paragraph 110.

5    111.    The United States denies the allegations in paragraph 111.

6    112.    The United States denies the allegations in paragraph 112.

7    113.    The United States denies the allegations in paragraph 113.

8    114.    The United States denies the allegations in paragraph 114.

9    115.    The United States denies the allegations in paragraph 115.

10    116.    The United States denies the allegations in paragraph 116.

11    117.    The United States admits it knew that Melonee Duval was driving the

12   pickup on June 19, 2019.  Except as expressly admitted, the United States denies the

13   allegations in paragraph 117.

14    118.    The United States denies the allegations in paragraph 118.

15    119.    The United States denies the allegations in paragraph 118.  Paragraph

16   119 contains a photo to which no response is required.

17    120.    The United States denies the allegations in paragraph 120.

18    121.    The United States admits that Melonee Duval was alive after the

19   shooting.  Except as expressly admitted, the United States denies the allegations in

20   paragraph 121.

21    122.    The United States admits that Melonee Duval was transported to a

22   hospital.  Except as expressly admitted, the United States denies the allegations in

23   paragraph 122.

24    123.    The United States denies the allegations in paragraph 123.  Paragraph

25   123 contains a photo to which no response is required.

26    124.    The United States admits that Melonee Duval died on June 29, 2019.

27   Except as expressly admitted, the United States denies the allegations in paragraph 124.

28

125.    The United States trains and supervises its officers, including regarding deadly force.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125, and on that basis the allegations are denied.  Except as expressly admitted, the United States denies the allegations in paragraph 125.

126.    The United States denies the allegations in paragraph 126.

127.    The United States denies the allegations in paragraph 127.

128.    The United States denies the allegations in paragraph 128.

129.    The United States denies the allegations in paragraph 129.

130.    The United States denies the allegations in paragraph 130.

131.    The United States denies the allegations in paragraph 131.

132.    The United States denies the allegations in paragraph 132.

133.    The United States denies the allegations in paragraph 133.

134.    The United States denies the allegations in paragraph 134.

135.    The United States denies the allegations in paragraph 135.

136.    The United States denies the allegations in paragraph 136.

137.    The United States denies the allegations in paragraph 137 directed at it. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the state agencies and on that basis the allegations are denied.

138.    The United States denies the allegations in paragraph 138.

139.    The United States denies the allegations in paragraph 139.

140.    The United States denies the allegations in paragraph 140.

141.    The United States denies the allegations in paragraph 141.

142.    The United States denies the allegations in paragraph 142.

143.    The United States trains and supervises its officers, including regarding searches, seizures and use of force.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

1  paragraph 143, and on that basis the allegations are denied.  Except as expressly admitted,

2  the United States denies the allegations in paragraph 143.

3          144.        The United States denies the allegations in paragraph 144.

4          145.        The United States denies the allegations in paragraph 145.

5          146.        The United States denies the allegations in paragraph 146 directed at it.

6  The United States is without knowledge or information sufficient to form a belief as to the

7  truth of the allegations as to the state agencies and on that basis the allegations are denied.

8          147.        The United States denies the allegations in paragraph 147.

9  **CLAIMS BROUGHT UNDER ARIZONA STATE LAW AGAINST**
**DEFENDANTS PENZONE, MARICOPY COUNTY AND MENDOZA; AND**
10  **AGAINST THE UNITED STATES PURSUANT TO THE FEDERAL TORT**
**CLAIMS ACT ("FTCA")**

11
**COUNT ONE**
12  **Wrongful Death**

13  **(Against the United States pursuant to the FTCA, Paul Penzone in his official**
**capacity, Maricopa County and Defendant Mendoza, and made by the surviving**
14  **parent and children of Melonee Duval through their statutory representative)**

15          148.        The United States realleges and incorporates by reference all preceding

16  paragraphs of this answer, as though expressly and fully set forth in full herein.

17          149.        Paragraph 149 contains legal arguments and legal conclusions to which

18  no response is required.  To the extent that an answer may be required, they are denied.

19          150.        The United States denies the allegations in paragraph 150.

20          151.        The United States denies the allegations in paragraph 151.

21          152.        The United States denies the allegations in paragraph 152.

22          153.        Paragraph 153 contains legal arguments and legal conclusions to which

23  no response is required.  To the extent that an answer may be required, a scope

24  certification was granted for Officer Mendoza on June 30, 2021 (ECF #85).

25          154.        Paragraph 154 contains legal arguments and legal conclusions to which

26  no response is required.  To the extent that an answer may be required, the allegations are

27  denied.

28          155.        The United States denies the allegations in paragraph 155.

156.     The United States denies the allegations in paragraph 156.

157.     Paragraph 157 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

158.     The United States denies the allegations in paragraph 158.

159.     The United States trains its officers.  Except as expressly admitted, the United States denies the allegations in paragraph 159.

160.     The United States denies the allegations in paragraph 160.

161.     The United States denies the allegations in paragraph 161.

162.     Paragraph 162 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

163.     Paragraph 163 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

164.     Paragraph 164 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

165.     Paragraph 165 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

166.     Paragraph 166 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

167.     Paragraph 167 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

168.     Paragraph 168 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

169.     Paragraph 169 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

170.     Paragraph 170 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

171.     Paragraph 171 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

172.     Paragraph 172 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

173.     Paragraph 173 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

174.     Paragraph 174 contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

175.     Paragraph 175 contains legal arguments, legal conclusions, and a characterization of the complaint to which no response is required.  To the extent that an answer may be required, the allegations are denied.

///

///

///

///

**<u>CLAIMS BROUGHT PURSUANT TO 42 U.S.C. § 1983 and/or BIVENS v. SIX</u>**
**<u>UNKNOWN AGENTS OF THE FEDERAL BUREAU OF NARCOTICS</u>**

**<u>COUNT TWO</u>**
**Violation of the 4th Amendment Right**
**To Be Free From Unlawful Seizures and Excessive Force**
**(Against Defendants Sean Mendoza and Wyatt Storm made by the Estate of**
**Melonee Duval)**

176.     The United States realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth in full herein.

177.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 177 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

178.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 178 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

179.      The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 179 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.  A scope certification was granted for Officer Mendoza on June 30, 2021 (ECF #85).

180.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 180 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

181.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 181 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

182.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 182 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

183.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 183 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

184.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 184 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

185.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 185 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

186.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 186 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

187.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 187 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

188.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 188 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

189.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 189 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

190.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 190 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

191.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 191 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

192.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 192 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

193.     The United States is not a named defendant in Count Two and thus no response is required.  Paragraph 193 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

**COUNT THREE**
**Violation of the 14th Amendment Right to Familial Society and Companionship**
**(Against Defendants Sean Mendoza and Wyatt Storm made by Plaintiffs Billie Giordano, Issac Navarette, Adriyanna Navarette, Jaylen Klockenga)**

194.     The United States realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth in full herein.

195.     The United States is not a named defendant in Count Three and thus no response is required.  Paragraph 195 also contains legal arguments and legal conclusions to

which no response is required.  To the extent that an answer may be required, the allegations are denied.

196.    The United States is not a named defendant in Count Three and thus no response is required.  Paragraph 196 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

197.    The United States is not a named defendant in Count Three and thus no response is required.  Paragraph 197 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

198.    The United States is not a named defendant in Count Three and thus no response is required.  Paragraph 198 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

## COUNT FOUR
### *Monell* Claims for Violation of 4th and 14th Amendment Rights
**(Against Defendants Penzone and Maricopa County made by the Estate of Melonee Duval, Plaintiff Billie Giordano, Issac Navarette, Adriyanna Navarette, Jaylen Klockenga)**

199.    The United States realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth in full herein.

200.    The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 200 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

201.    The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 201 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

U.S. Amended Answer to Plaintiffs' Third Amended Complaint
*Estate of Duval, et al. v. United States, et al.* 2:20-cv-01206

18

202.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 202 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

203.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 203 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

204.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 204 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

205.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 205 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

206.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 206 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

207.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 207 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

208.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 208 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

209.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 209 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

210.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 210 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

211.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 211 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

212.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 212 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

213.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 213 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

214.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 214 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

215.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 215 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

216.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 216 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

217.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 217 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

218.     The United States is not a named defendant in Count Four and thus no response is required.  Paragraph 218 also contains legal arguments and legal conclusions to which no response is required.  To the extent that an answer may be required, the allegations are denied.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' Third Amended Complaint contain their prayer for relief, to which no response is required.  To the extent a response is required, the United States denies that Plaintiffs are entitled to any relief against it herein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied.  For further and separate answer, Defendant United States alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Third Amended Complaint fails to state a claim or facts upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the United States in this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against the United States are barred by sovereign immunity.

///

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from bringing any claim for which they have not exhausted administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

At all times set forth in the Third Amended Complaint, the United States was acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion.

### SIXTH AFFIRMATIVE DEFENSE

The United States and its employees acted lawfully, with due care and diligence, at all relevant times and did not violate any of decedent's or Plaintiffs' rights of any nature whatsoever.

### SEVENTH AFFIRMATIVE DEFENSE

The United States' and its employees' conduct was privileged or otherwise justified by law.

### EIGHTH AFFIRMATIVE DEFENSE

The claims do not allege a negligent or wrongful act by an employee of the Government.

### NINTH AFFIRMATIVE DEFENSE

The United States owed no legal duty of any kind to the Plaintiffs or decedent regarding the circumstances complained of.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the United States.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by 28 U.S.C. § 2680.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with A.R.S. § 12-821.01, the Notice of Claim statute.

///

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2
3
4

The United States is entitled to all privileges and immunities afforded to governmental employees and/or entities under state law, including those privileges and immunities provided in A.R.S. § 12-820, *et seq.*, including 12-820.01 through 12-820.05.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6
7
8

The United States' use of force was justified under Arizona's justification statutes, A.R.S. Title 13, Section 400 *et seq.*, including but not limited to §§ 13-402, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 417, 418, 419 and 420.

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10
11

The United States is immune from simple negligence under *Spooner v. City of Phoenix*, 246 Ariz. 119, 435 P.3d 462 (App. 2018).

12

## SIXTEENTH AFFIRMATIVE DEFENSE

13
14
15
16

Any injury to Plaintiffs or Decedent, and any loss or other damages to Plaintiffs or Decedent, which the United States at all times denies, was not proximately caused by any negligent or otherwise wrongful act or omission of any employee or agent of the United States acting within the scope of his or her employment.

17

## SEVENTEENTH AFFIRMATIVE DEFENSE

18
19
20
21

If any damages were sustained or incurred by Plaintiffs, which the United States at all times denies, the same were caused or contributed to by the intervening or superseding acts or omissions of persons or parties other than the United States, over whom the United States has no control or right to control.

22

## EIGHTEENTH AFFIRMATIVE DEFENSE

23
24
25
26

Plaintiffs' alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability.

27

## NINETEENTH AFFIRMATIVE DEFENSE

28

Any recovery or other award made against the United States herein must be reduced

U.S. Amended Answer to Plaintiffs' Third Amended Complaint
*Estate of Duval, et al. v. United States, et al.* 2:20-cv-01206

23

by the percentage of fault of the Decedent, Plaintiffs, co-Defendants and/or other third party, and any recovery or other award made against the United States must be limited to the percentage of fault, if any, of the United States.

## TWENTIETH AFFIRMATIVE DEFENSE

The United States alleges that Plaintiffs' injures may have been caused or contributed to by the actions of non-parties at fault pursuant to A.R.S. § 12-2506.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, is limited to the amount set forth in the administrative claim under the Federal Tort Claims Act, pursuant to 28 U.S.C. § 2675(b).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages as a matter of fact or law.  28 U.S.C. § 2674.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Third Amended Complaint requests equitable relief, not monetary damages, it is not cognizable under the Federal Tort Claims Act.  28 U.S.C. § 1346(b)(1).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damage or loss, which the United States at all times denies, the same was caused or contributed by Plaintiffs' failure to mitigate, thus barring or reducing the recovery against Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If any recovery or other award is made against the United States, it must be offset by the amount of any non-collateral source benefits that Plaintiffs have heretofore received or will receive in the future from the United States, or from any state or local agency that receives funds from the United States such as Social Security, Medicare, Medicaid, and TriCare benefits.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

No award of prejudgment interest is available under the Federal Tort Claims Act.

U.S. Amended Answer to Plaintiffs' Third Amended Complaint
*Estate of Duval, et al. v. United States, et al.* 2:20-cv-01206

24

28 U.S.C. § 2674.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking pre-death pain and suffering based upon the application of Arizona's survival statute, A.R.S. § 14-3110.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the limitations contained in any and all federal and/or state laws that may govern this action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

If the United States is found to be liable to Plaintiffs, the United States may elect to have future damages, if any, in excess of the amount specified in Arizona Code of Civil Procedure paid, in whole or in part, as specified therein.

## THIRTIETH AFFIRMATIVE DEFENSE

If any recovery or other award is made against the United States herein, the United States may elect to introduce evidence of any amounts payable as a benefit to Plaintiffs or Decedent, and the United States is entitled to a credit for any payments that were, or may be, made to Plaintiffs or Decedent from any source.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants are immune under A.R.S. §§ 12-711, 12-712, and 12-716, including all applicable attorney fees available.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Any attorneys' fees must be taken out of the judgment or settlement, if any, and are governed by statute and shall not exceed 25 *per centum* of that amount.  28 U.S.C. §§ 2678, 2412(d)(1)(A).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, is limited to the availability of appropriated funds.  42 U.S.C. §233(k).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

If any recovery or other award is made against the United States herein, all future

1   damages, if any, must be reduced to present value.

2                    THIRTY-FIFTH AFFIRMATIVE DEFENSE

3          If any recovery or other award is made against the United States herein, income

4   taxes must be deducted from all alleged past and future earnings, if any.

5                    THIRTY-SIX AFFIRMATIVE DEFENSE

6          Plaintiffs' damages, if any, and which the United States expressly denies, are

7   limited by any contractual condition or provision, adjustment, or specials amount(s) due to

8   Medicare, Medicaid, or private insurance coverage.

9                    THIRTY-SEVENTH AFFIRMATIVE DEFENSE

10          Plaintiffs have no right to a jury trial under the Federal Tort Claims Act.  28 U.S.C.

11   § 2402.

12                    THIRTY-EIGHTH AFFIRMATIVE DEFENSE

13          Insofar as the provisions of Arizona Civil Code apply to Plaintiffs, they cannot

14   recover noneconomic damages.

15                    THIRTY-NINTH AFFIRMATIVE DEFENSE

16          Plaintiffs cannot state an actionable claim under the FTCA because there is no

17   private tort analogue and thus, they cannot demonstrate that a private individual under like

18   circumstances would be liable under state law.

19                    FORTIETH AFFIRMATIVE DEFENSE

20          Plaintiffs' Decedent assumed the risk of injury, acted in direct and intentional

21   violation of Arizona laws, and acted intentionally and knowingly, jeopardizing her safety

22   and well-being.

23                    FORTY-FIRST AFFIRMATIVE DEFENSE

24          Plaintiffs' Decedent agreed to, and participated in, those actions which Plaintiffs

25   claim to have caused injury or damage.  Since such participation and consent were given

26   knowingly and voluntarily, Plaintiffs' claims are invalid.

27                    FORTY-SECOND AFFIRMATIVE DEFENSE

28          Plaintiffs, Decedent, or other persons or entities, may be solely or comparatively at

fault thereby reducing or barring any recovery herein by way of comparative negligence pursuant to Ariz. Rev. Stat. § 12-2506.

FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, should be restricted to damages allowed by federal or Arizona statutory or common law.

FORTY-FOURTH AFFIRMATIVE DEFENSE

The United States is entitled to all privileges and immunities afforded to governmental employees and/or entities under federal law.

FORTY-FIFTH AFFIRMATIVE DEFENSE

The United States reserves the right to assert additional affirmative defenses that may be determined in the discovery process.

WHEREFORE, Defendant, the United States, having fully answered Plaintiffs' Third Amended Complaint, prays that Plaintiffs take nothing against the United States, that judgment be entered in its favor, that it be dismissed with its costs herein incurred and for such other and future relief as the law allows and the Court deems just and proper.

DATED:  July 7, 2021          PHILLIP A. TALBERT
                              Acting United States Attorney
                              Eastern District of California


                      By:    */s/ Kelli L. Taylor*
                             KELLI L. TAYLOR
                             Special Attorney
                             Acting Under Authority Conferred by 28 U.S.C. § 515

*Estate of Duval v. United States*
D. Az. No. 2:20-cv-01206 JJT (MHB)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2021, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable John J. Tuchi
United States District Judge
Sandra Day O'Connor U.S. Courthouse, Suite 525
401 West Washington Street, SPC 83
Phoenix, AZ 85003

Honorable Michelle H. Burns
United States Magistrate Judge
Sandra Day O'Connor U.S. Courthouse, Suite 323
401 West Washington Street, SPC 12
Phoenix, AZ 85003

Scott A. Ambrose
J. Tyrell Taber
BURG SIMPSON ELDREDGE HERSH & JARDINE
2390 E. Camelback Road, Suite 403
Phoenix, AZ 85012
sambrose@burgsimpson.com
ttaber@burgsimpson.com
azcourt@burgsimpson.com
*Attorneys for Plaintiff Estate and Beneficiaries*

Shiloh K. Hoggard
LAW OFFICE OF SHILOH K. HOGGARD, PLLC
850 Cove Parkway, Suite C
Cottonwood, AZ 86326
shiloh@hoggard-law.com
*Attorney for Plaintiff Billie Giordano*

Ann Thompson Uglietta
Jonathan C. Simon
Maricopa County Attorney's Office
225 West Madison Street
Phoenix, Arizona 85003
uglietta@mcao.maricopa.gov
simonj@mcao.maricopa.gov
*Attorneys for Defendants Maricopa County and Sheriff Penzone*

CERTIFICATE OF SERVICE

1

Daniel P. Struck
Nicholas D. Acedo
Ashlee B. Hesman
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
dstruck@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
*Attorneys for Defendant Sean Mendoza*

/s/ Kimberly Siegfried
KIMBERLY SIEGFRIED

CERTIFICATE OF SERVICE

2