Scott A. Ambrose, Esq. (012614)
J. Tyrrell Taber, Esq. (005204)
**BURG SIMPSON ELDREDGE HERSH & JARDINE, PC**
2390 East Camelback Road, Suite 403
Phoenix, Arizona 85016
Telephone: (602) 777-7000; Fax: (602) 777-7008
SAMBROSE@BURGSIMPSON.COM
AZCOURT@BURGSIMPSON.COM
*Attorneys for Plaintiff estate and beneficiaries*

Shiloh K. Hoggard, Esq. (023271)
**LAW OFFICE OF SHILOH K. HOGGARD, PLLC**
850 Cove Parkway, Suite C
Cottonwood, Arizona 86326
Telephone: (928) 649-3400; Fax: (928) 772-8695
SHILOH@HOGGARD-LAW.COM
*Attorney for Plaintiff Billie Giordano*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| The Estate of Melonee Duval, et al., *Plaintiffs*, vs. United States of America, et al., *Defendants*. | No. CV20-01206-PHX-JJT (MHB) **PLAINTIFFS' RESPONSE TO DEFENDANT MENDOZA'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** |

Plaintiffs respond to Defendant Mendoza's Motion to Dismiss Plaintiffs' Third Amended Complaint [Doc. 90] and request the Court deny the Motion. Defendant Mendoza's Motion is flawed because it ignores the liberal pleading rules that permit a plaintiff to plead in the alternative. Moreover, his Motion improperly assumes that his

certification as a federal employee can never be overturned.

As Defendant Mendoza has withdrawn his argument for dismissal based on insufficient service of process [Doc. 100], Plaintiffs will not address that argument. This Response is more fully supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFFS MAY PLEAD ALTERNATIVE THEORIES AND ARE NOT REQUIRED TO CHOOSE BETWEEN SECTION 1983 AND *BIVENS* AT THIS STAGE OF THE CASE.

The Court should reject Defendant Mendoza's argument that Plaintiffs are precluded from pleading alternative theories in the Third Amended Complaint. Pleading in the alternative is specifically authorized by Rules 8(a)(3), 8(d)(2), and 8(d)(3). *See* Fed. R. Civ. P. 8(a)(3), 8(d)(2), 8(d)(3); *Unified W. Grocers v. Twin City Fire*, 457 F.3d 1106, 1114 (9th Cir. 2006) ("It is commonplace under liberal pleading rules for complaints to assert alternative theories of liability.").

Here, Plaintiffs are seeking relief from Defendant Mendoza for his violations of the Fourth and Fourteenth Amendments. (*See* Third Amended Complaint [Doc.77] ("TAC"), ¶¶ 176-193). Constitutional torts may be pursued against state actors acting under color of state law pursuant to 42 U.S.C. § 1983. Constitutional torts may be pursued against federal officers pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### A. The Reason Plaintiffs Have Included A Section 1983 Claim.

Defendant Mendoza is a deputy with the Maricopa County Sheriff's Office ("MCSO"). (*See* TAC, ¶ 14). At the time of the shooting that resulted in the death of

Melonee Duval, Defendant Mendoza, one of the alleged shooters, was participating in a joint federal task force, but he was employed by MCSO. (*See id.*). Absent the certification described below, there is no question that Defendant Mendoza would be considered a state actor acting under color of state law and that Section 1983 would be the basis for pursuing the constitutional tort claims against him.[1]

### B. The Reason Plaintiffs Have Asserted Relief Through *Bivens*.

Pursuant to the Westfall Act (28 U.S.C. § 2679), the United States Attorney General may certify that a defendant was employed and/or acting within the scope of a federal office or employment at the time of the incident giving rise to the claim. 28 U.S.C. § 2679(b)-(c). In the event of such certification, the only recourse shall be a claim against the United States. *Id.* § 2679(b)(1). However, the Westfall Act does not apply to a civil action against an employee which is brought for a violation of the Constitution. *Id.* § 2679(b)(2)(A).

At the time the TAC was filed, Plaintiffs were aware that Defendant Mendoza was seeking certification under the Westfall Act. That certification was made after the TAC was filed. (*See* Doc. 85). In the event that this Court would consider the Attorney General's certification as conclusive evidence that Defendant Mendoza was a federal actor, then *Bivens* would be the proper means for seeking relief for the constitutional violations.

---

[1] Given that the task force was attempting to execute an arrest warrant issued by the Maricopa County Superior Court against Ernesto Izaguirre for state crimes, it could be argued that Defendant Mendoza was still acting under color of state law in spite of his participation in the task force.

- 3 -

Defendant Mendoza argues that *Bivens* applies due to his certification. (*See* Doc. 90, at 1:20-23).

## II. DISMISSAL OF THE SECTION 1983 CLAIM IS PREMATURE AS CERTIFICATION OF DEFENDANT MENDOZA UNDER THE WESTFALL ACT IS ONLY DISPOSITIVE FOR THE PURPOSE OF ESTABLISHING THE FORUM TO ADJUDICATE THE CASE.

Defendant Mendoza would have this Court dismiss the Section 1983 claim with no guarantee that the *Bivens* action would remain the proper vehicle for relief. "Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect. For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive." *Osborn v. Haley*, 549 U.S. 225, 242 (2007).

In *Osborn*, the Supreme Court acknowledged the possibility that a district court could overturn the Attorney General's certification. If that were to occur in this case, Defendant Mendoza would surely argue that *Bivens* no longer applies, and that Section 1983 would be the only basis to pursue the constitutional tort claims. Hence, if this Court were to dismiss the Section 1983 claim now, it would potentially and improperly bar Plaintiffs from pursuing relief for Defendant Mendoza's alleged violations of the Constitution.

Of course, if the certification is never overturned and the evidence demonstrates that Defendant Mendoza was acting within the scope of federal employment at the time of the shooting, Plaintiffs are aware that relief would need to be sought through *Bivens*—not Section 1983. However, the time for making that determination has not arrived.

## III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully urge the Court to deny Defendant Mendoza's Motion to Dismiss.

**RESPECTFULLY SUBMITTED** this 4th day of August, 2021.

> **BURG SIMPSON**
> **ELDREDGE HERSH JARDINE, PC**
>
> By  /s/  *Scott Ambrose*
> Scott A. Ambrose, Esq.
> J. Tyrrell Taber, Esq.
> 2390 East Camelback Road, Suite 403
> Phoenix, Arizona  85016
> *Attorney for Plaintiffs Estate and Statutory Representative.*
>
> **LAW OFFICE OF SHILOH K. HOGGARD, PLLC**
>
> By   /s/ *Shiloh Hoggard*
> Shiloh K. Hoggard, Esq.
> 850 Cove Parkway, Suite C
> Cottonwood, Arizona 86326
> *Attorney for Plaintiff Billie Giordano*

**Certificate of Filing and Service**

I hereby certify that on August 4, 2021, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office by using the CM/ECF System and transmitted a Notice of Electronic Filing to:

Kelli L. Taylor
United States Attorney's Office
501 I Street, Suite 10-100
Sacramento, CA 95814
Kelli.L.Taylor@usdoj.gov
*Attorneys for Defendant United States*

1  Daniel P. Struck
   Nicholas D. Acedo
2  Ashlee B. Hesman
3  Struck Love Bojanowski & Acedo, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona 85226
5  dstruck@strucklove.com
   nacedo@strucklove.com
6  ahesman@strucklove.com
7  *Attorneys for Defendant Sean Mendoza*

8  Ann Thompson Uglietta
   Jonathan C. Simon
9  Maricopa County Attorney's Office
10 225 West Madison Street
   Phoenix, Arizona 85003
11 uglietta@mcao.maricopa.gov
   simonj@mcao.maricopa.gov
12 *Attorneys for Defendants Maricopa County and Sheriff Penzone*

13
   /s/ Andrea Marquez
14